Case 4:23-cv-03736 Document 16 Filed on 05/13/24 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
May 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FERNANDO YATES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-03736 |
| | § | |
| SPRING INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

## I.   INTRODUCTION

Pending before the Court is the defendant's, Spring Independent School District ("District") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 5). The plaintiff, Fernando Yates ("Yates"), has filed a response to the defendant's motion (Dkt. No. 6), and the defendant has filed a reply (Dkt. No. 7). After reviewing the motion, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendant's motion should be **GRANTED**.

## II.   FACTUAL BACKGROUND & CONTENTIONS

Fernando Yates was previously employed by Spring ISD from August 2021 until his resignation in June 2023. He initiated legal action against the District in June 2022. The initial lawsuit brought before the United States District Court for the Southern District of Texas, alleged instances of employment discrimination and retaliation during his tenure. *Yates v. Spring Indep.*

*Sch. Dist.*, No. 4:22-CV-2121, 2023 WL 5670011 (S.D. Tex. Aug. 31, 2023). Specifically, Yates, asserted that he was subjected to a demotion, a reduction of teaching responsibilities, and was assigned additional duties including monitoring bathrooms and metal detectors. He pleads that these duties were not typically assigned to other teachers. Yates also claimed mistreatment and harassment by the administration and alleged preferential treatment of black staff members. That case ("Yates 1") was dismissed on summary judgment and is currently on appeal to the Fifth Circuit Court of Appeals. *Yates v. Spring Indep. Sch. Dist.*, 2023 WL 8615739 (5th Cir. 2023).

The present lawsuit, filed by Yates in this Court, asserts the same claims of employment discrimination, with the addition of a constructive discharge claim. That claim is based on his resignation in the summer of 2023. Notably, the allegations concerning demotion and discrimination were previously raised in Yates 1. His new claim incorporates his resignation letter where he contends that the District's actions led to his constructive discharge. Concerning the constructive discharge, he asserts reduced teaching responsibilities, assignments to less favorable tasks, harassment by a former principal, and a hostile work environment. These allegations mirror those presented in Yates 1, indicating a recurrence of the same issues raised in Yates 1.

The Court is tasked with considering the facts presented in both lawsuits to determine overlap if any and therefore relevance and merit in this suit. Additionally, given the intertwined nature of the allegations and the alleged recurrence of many of the claims set out in Yates 1, the Court must determine whether certain or all the plaintiff's claims are barred either by the doctrine of collateral estoppel or res judicata.

### III.   PLAINTIFF'S CONTENTIONS

In this lawsuit against the District, Yates, contends that the District engaged in discrimination and retaliation against him, violating the Age Discrimination and Employment Act.

He asserts that the District's actions began during the 2021-2022 school year when he was placed on a support plan due to purported concerns about his performance and preparation in the classroom. This plan required Yates to undergo coaching sessions, observe other teachers daily, and provided instructional support in a "push-in" capacity for a sixth-grade math class. When he was reassigned to fill a vacant seventh-grade math teacher position, he was ultimately replaced by a younger teacher and was returned to the "push-in" role. The District subsequently reassigned Yates to the school's Media Center, where he provided support for eighth-grade math students. This reassignment allegedly coincided with a new support plan mandating daily planning and professional development sessions. The record also shows that Yates was placed on administrative leave for approximately four months following complaints about his behavior, during which he was prohibited from the school premises and directed not to contact students. Yates claims that these actions, including the reassignment, support plans, and administrative leave constitute discriminatory and retaliatory practices, leading to his constructive discharge.

## IV.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." Under the demanding standards of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court's review is limited to the allegations in the complaint and any documents attached to a defendant's motion to dismiss, if they are both referred to in the complaint

and central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## V. ANALYSIS & DISCUSSION

### A. CLAIM PRECLUSION

The principles of res judicata and collateral estoppel hold significant weight in this matter. These preclusion doctrines, rooted in the principles of judicial economy and fairness, bar parties from relitigating claims and issues that have already been decided in prior proceedings. Case law emphasize the importance of these doctrines in preserving the integrity of the judicial process and preventing the unjust burdening of parties who have already undergone litigation on identical issues. *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107-08 (1991) (*citing Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)).

Res judicata establishes that a judgment rendered in a prior action serves as the conclusive resolution of all issues relevant to the same claim between the same parties. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000).

The elements of res judicata are identity of parties, a judgment by a competent court, finality of a prior action involving the same claim or cause of action, when established constitutes res judicata. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Likewise, collateral estoppel, prohibits the re-litigation of issues that were actually adjudicated and essential to the judgment in a previous suit between the same parties. *St. Paul Mercury Ins. Co.* at 436. The criteria for collateral estoppel, necessitate an identity of issues, prior litigation of these issues, and a determination that these issues were a necessary part of the prior judgment. *Petro-Hunt, L.L.C. v. United States*, 365 F. 3d 385, 395 (5th Cir. 2004).

In this case, Yates resurrects claims and issues previously adjudicated and dismissed in Yates 1. Both complaints allege acts of discrimination and demotion during the same school year(s). Yates' resignation letter serves only to rehash issues asserted in the previous lawsuit. Legal claims are subject to res judicata, issue preclusions are, therefore, subject to collateral estoppel. As such, the Court is compelled to apply the preclusion doctrines, thereby, preventing Yates from re-litigating issues already decided.

### B. CONSTRUCTIVE DISCHARGE

Yates has failed to present adequate factual allegations to support a plausible claim for constructive discharge. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Yates' complaint primarily relies on events that transpired during the 2021-2022 school year at Spring Leadership Academy, preceding his transfer to Bailey Middle School for school year 2022-2023. Notably, Yates' resignation letter references incidents from his time at the academy, indicating his dissatisfaction stemming from that period. However, he fails to plead acts of misconduct at Bailey that led to his resignation in June 2023. A constructive discharge necessitates intolerable working conditions that compels a resignation. Yet, his narrative does not portray there is such circumstances during his tenure at Bailey. And, tellingly, there is an absence of allegations implicating the District in creating intolerable conditions at Bailey. The absence of any such allegation is fatal to his constructive discharge claim. *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 342 (5th Cir. 2005) (quoting *Jurgens v. EEOC*, 903 F2d 386, 390 (5th Cir. 1990)).

Furthermore, Yates' resignation was not timely in relation to the alleged discriminatory conduct experienced at the academy. Given the substantial gap between the incidents at the academy and his resignation from Bailey, Yates' constructive discharge claim is further called into question. *Stockdale v. City of Gallatin*, 2021 WL 6752282 at *12 (M.D. Tenn. Feb. 8, 2021). Thus,

these alleged actions asserted by Yates which at the academy, have been litigated, and do not meet the threshold for a constructive discharge in this case. *Brown v. Bunge Corp.*, 207 F.3d 776, 782-83 (5th Cir. 2000); *Boze v. Bransetter*, 912 F.2d 801, 805-06 (5th Cir. 1990).

In summation, Yates' complaint is inadequate and does not allege a plausible claim for constructive discharge. In order to prove his "constructive discharge claim, Yates must plead with specificity what acts, if any that occurred after he left academy that gives rise to this lawsuit.

## VI.   CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion to dismiss is **GRANTED in part**. The plaintiff has 30 days to amend his lawsuit and plead with specificity the acts that occurred at Bailey that give rise to his constructive discharge claim.

It is so **ORDERED**.

SIGNED on May 13, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge